# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JEFFREY D. BUTLER,

    Appellant,

v.

ORMET CORPORATION, et al.,

    Appellee.

Case No. 2:08-cv-973
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This bankruptcy appeal is before the Court for consideration of issues raised in Appellant Jeffrey D. Butler's ("Butler") November 21, 2008 brief (Doc. # 6), Appellee Ormet Corporation's December 5, 2008 responsive brief (Doc. # 7), and Butler's December 24, 2008 reply brief (Doc. # 8). For the reasons set forth below, the Court **AFFIRMS** the decision of the Bankruptcy Court and **DISMISSES** this action.

## I. Background

### A. Bankruptcy Cases

The Debtors[1] filed for protection under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, jointly administered under Case Number 04-51255. By order dated December 15, 2004, the Bankruptcy Court confirmed the Debtors' Joint Plan of Reorganization under Chapter

---

[1] The Debtors are the following entities: Ormet Corporation, Ormet Primary Aluminum Corporation, Ormet Aluminum Mill Products Corporation, Specialty Blanks Holdings Corporation, Specialty Blanks, Inc., Formcast Development Inc. and Ormet Railroad Corporation.

11 of the Bankruptcy Code. (Bankruptcy Docket[2] Number "B. Doc. #" 1596). On April 1, 2005, the reorganization plan became effective and the Debtors and Debtors in Possession became the Reorganized Debtors. (B. Doc. # 1935).

**B. Factual Basis of the Appellant's Claim Dispute**

Butler filed a claim against the Reorganized Debtors' estates denoted as Claim Number 1065 on the official claims register maintained in the Bankruptcy Court ("Claim"). Butler was employed by Ormet Aluminum Mill Products Corporation ("Ormet Products"), one of the Debtors, at its Jackson, Tennessee facility. During the course of his employment, Butler was involved in an accident that resulted in damage to company property.

In accordance with Ormet Products' Substance Abuse Policy, Ormet Products required Butler to submit to a drug test. Butler was later terminated by Ormet Products for his alleged failure to follow proper procedures relating to the drug test. According to the Claim, Butler alleged that he was "illegally discharged" by Ormet Products and sought damages in the amount of $2.5 million.

The Debtors objected to the Claim in their Third Omnibus Objection to Claims. (B. Doc. # 1177). Butler filed a response to the objection to the Claim. (B. Doc. # 1352). Butler also filed an amended response to the objection to the Claim. (B. Doc. # 1462). The Bankruptcy Court conducted an evidentiary hearing on the dispute on March 16, 2005 ("Original Hearing"). At the Original Hearing, the Bankruptcy Court conducted an evidentiary hearing on the Claim, which included the presentation of testimonial and documentary evidence by both Appellant

---

[2]The Bankruptcy Docket is filed as an attachment to the Notice of Appeal from Bankruptcy Court. (Doc. # 1.)

the Debtors. Based upon the full record and the Original Hearing, the Bankruptcy Court issued its order, which disallowed the Claim ("Order Disallowing Claim"). (B. Doc. # 1957).

On April 25, 2005, Butler filed a Motion to Set Aside the Order Disallowing Claim premised on Fed. R. Civ. P. 59(e) (B. Doc. # 2013). On May 16, 2005, the Bankruptcy Court denied the Rule 59(e) motion and left standing the Order Disallowing Claim. (B. Doc. # 2071).

On May 31, 2005, Butler filed a second Motion to Reconsider the Disallowance of the Claim premised on U.S.C. § 502(j) and Fed. R. Bankr. P. 3008. (B. Doc. # 2108). On July 12, 2005, the Bankruptcy Court entered an order denying this motion to reconsider the Claim and left intact the Order Disallowing Claim. (B. Doc. # 2190).

**C. History of Claim Dispute Giving Rise to the Instant Appeal**

On March 11, 2008, Butler filed a Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake. (B. Doc. # 2412). The Bankruptcy Court denied the motion based on procedural defects on March 20, 2008 and left standing the Order Disallowing Claim. (B. Doc. # 2413).

On April 4, 2008, Butler filed a second Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake. (B. Doc. # 2419). After conducting a full evidentiary hearing ("Appeal Hearing"), the Bankruptcy Court denied the motion on May 28, 2008 and left intact the Order Disallowing Claim ("Order on Appeal"). (B. Doc. # 2444). It is the Order on Appeal that is before this Court.

Butler also filed a Motion for a Default Judgment and Motion to Amend Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake. (B. Docs. # 2441 and 2425). The Bankruptcy Court denied the requested relief in both motions. (B. Docs. # 2445

and 2446).

On June 9, 2008, Butler filed a Motion for Post-Judgment Reconsideration of the May 28, 2008 Order Denying his Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake ("Reconsideration Motion"). (B. Doc. # 2459). On June 18, 2008, the Bankruptcy Court entered an order denying the motion ("Order on Reconsideration"). (B. Doc. # 2463). The Order on Reconsideration is also before this Court.

## II. Standard of Review

Butler asks this Court to reverse the Bankruptcy Court's Order on Appeal and its Order on Reconsideration. A bankruptcy court exercises broad discretion in determining whether to reconsider disallowance of a claim pursuant to 11 U.S.C. § 502(j). *McMillan v. LTV Steel Company, Inc.*, 2007 U.S. Dist. LEXIS 71621, at *35 (N.D. Ohio 2007) (citing *Colley v. Nat'l Bank of Texas (In re Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987). Section 502(j) provides, in pertinent part: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j).

In analyzing a motion under Section 502(j), courts apply the standard for relief from judgment set forth in Fed. R. Bankr. P. 9024, incorporating Fed. R. Civ. P. 60. *In re Freightway Corp.*, 170 B.R. 108, 110 (Bankr. N.D. Ohio 1994). Rule 60 "allows relief from judgment only for clerical errors, mistake, surprise, excusable neglect, new evidence, fraud, voided judgment, satisfaction, or other extremely narrow circumstances." *Crown Serv. Plaza Partners v. City of Rochester Hills*, Nos. 98-1581, 98-1666, 2000 U.S. App. LEXIS 9935, at *3 (6th Cir. May 8, 2000). Denials of motions for relief under Rule 60 are reviewed for clear abuse of discretion. *Id.*

4

The denial of a motion to reconsider an order is also reviewed for abuse of discretion. *In re Timothy Cassell*, Nos. 00-8009 and 00-8010, 2000 Bankr. Lexis 1290, at *3 (6th Cir. B.A.P June 19, 2000).

The United States Court of Appeals for the Sixth Circuit has explained that "[a] court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *Friedman v. Mitan (In re Polemar Constr. Ltd. P'ship)*, 23 F. App'x 423, 425 (6th Cir. 2001) (citing *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)). Thus, a reviewing court will not find an abuse of discretion unless it has " 'a definite and firm conviction that the trial court committed a clear error of judgment.' " *Id.* (quoting *Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir.1990)).

### III. Analysis

Butler asks this Court to reverse the Bankruptcy Court's Order on Appeal and to reverse the Bankruptcy Court's Order on Reconsideration. Butler argues that the Bankruptcy Court abused its discretion in both orders. This Court, however, disagrees.

**A. Order on Appeal**

The Order on Appeal denied Butler's Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake and left standing the Order Disallowing Claim. Before issuing the Order on Appeal, the Bankruptcy Court reviewed the complete record[3] and it held a complete evidentiary hearing, *i.e.*, the Appeal Hearing, in which Butler was given as much

---

[3]The Bankruptcy Docket at that time consisted of 298 pages, 2443 entries. (*See* Doc. # 1).

5

time as he requested to argue his case. (*See* Bankruptcy Appeal Hearing Transcript "T.R." ).[4]
The court concluded that Butler's motion was barred by the applicable statute of limitations. The court went on to explain that, even if Butler's motion had not been prohibited, Butler received a full and fair opportunity to be heard and that he failed to offer new evidence or legal arguments that rose "to the level sufficient to cause to set aside, reverse, or modify the Order disallowing Claim." (B. Doc. # 2444 ¶ 6). In other words, if Butler's motion had not failed based on the applicable statute of limitations it would have failed on the merits.

In the instant action, Butler argues that the Order on Appeal should be reversed because it was not barred by the statute of limitations and because he had provided sufficient cause warranting reversal of the Order Disallowing Claim. This Court, however, disagrees.

**1. Clerical error–Fed. R. Civ. P. 60(a)**

In Butler's Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake and at the Appeal Hearing, Butler argued to the Bankruptcy Court that there were clerical errors in the transcript of the Original Hearing that, if corrected, would dictate reversal of the Order Disallowing Claim. The Bankruptcy Court concluded that any clerical mistakes in the transcript of the Original Hearing were harmless and had no impact on the decision to disallow the Claim, holding:

> Rule 60(a) allows the Court to correct a clerical mistake found in a judgment order or other part of the record. The purpose of this rule is to allow the Court to correct a judgment or other order so as to accurately reflect the Court's already made decision, it is not a mechanism for changing the Court's decision.
>
> I did listen to the hearing that was held on March 16th of 2005 [the Original

---

[4]The Bankruptcy Appeal Hearing Transcript is in the Bankruptcy Record and is filed as an attachment to the Notice of Appeal From Bankruptcy Court. (Doc. # 1).

> Hearing] and a transcript of the hearing does, in fact, contain two clerical errors where Mr. Butler referred to fruit of the poisonous tree but the Court's order does not contain nor has Mr. Butler asserted that the Court's order contains any clerical errors. Therefore, it is not a basis on which the Court could set aside Judge Sellers' order of 2005.
>
> Aside from that, the fact that the transcript contains these errors, minor errors, is immaterial. The errors consist of the transcriptionist's misunderstanding of what Butler said in connection with an objection to testimony and his closing statement, specifically his references to fruit of the poisonous tree. This is a concept addressing admissibility of evidence accumulated during an illegal or improper law enforcement search and seizure, it has no application to this case in as much as the matter in dispute is between the debtor and the claimant in a bankruptcy case.
> . . . .
>
> So the reference to clerical errors does not provide a basis on which this Court could set aside the previous order entered by Judge Sellers in April of 2005.

T.R. at 296-97, 298.

In the instant appeal, this Court concludes that the Bankruptcy Court applied the appropriate legal standard, did not rely on clearly erroneous findings of fact, nor did it improperly apply the law. *See In re Polemar Constr. Ltd. P'ship*, 23 F. App'x at 425. "The basic purpose of [Rule 60(a)] is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. . . [t]he rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an 'error of substantive judgment.' " *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (internal citations omitted). A court properly acts under Fed. R. Civ. P. 60(a) when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Id.* (Internal citations omitted). Here, the Bankruptcy Court correctly concluded that the clerical errors relating to Butler's comments about the fruit of the poisonous tree have no application to this case and that, Rule 60(a) simply does not provide a mechanism on which to change a court's substantive decision.

7

Consequently, the Bankruptcy Court did not abuse its discretion deciding that the clerical errors failed to provide a basis on which to set aside the Order Disallowing Claim.

**2. New evidence and fraud–Fed. R. Civ. P. 60(b)**

Butler argued to the Bankruptcy Court that the Order Disallowing Claim should be reversed because of newly discovered evidence and fraud. In reviewing Butler's claims regarding Rule 60(b), the Bankruptcy Court concluded that Butler's motion was barred by the applicable statute of limitation, explaining:

> Federal Rule of Civil Procedure 60(b) allows the Court to relieve the parties of a judgment where there is newly discovered evidence or fraud. As it pertains to newly discovered evidence, it is only applicable to evidence which could not have been discovered prior to the trial or in sufficient time to move for a new trial under Rule 59.
>
> Rule 60(b) requires a motion based on newly discovered evidence or on fraud to be filed within one year of the order at issue. Bankruptcy Rule 3008, which does allow reconsideration of orders pertaining to claims, does not limit this requirement that such a motion be filed within a year of the order at issue. It, in fact, does apply, Mr. Butler.
>
> Mr. Butler's motion was filed almost three years after entry of Judge Sellers' order. And Judge Sellers' order is a final judgment in as much as it finally resolves the dispute between the parties pertaining to Mr. Butler's claim.

T.R. at 298. The Bankruptcy Court applies the proper legal standard, relied upon undisputed facts, and also correctly applies that law to the facts here, approrpriately concluding that Butler's motion was barred by the one year statute of limitations. *See* Fed. R. Civ. P. 60(b) (one year statute of limitations for relief from judgment or order based upon newly discovered evidence or fraud)

The Bankruptcy Court went on to accurately explain that even if Butler's motion had not been time-barred, it would have still failed because it could not survive on the merits for several

8

reasons. First, with regard to the newly discovered evidence, the Bankruptcy Court found that it failed to constitute "new evidence" under Rule 60(b):

> Even if the one year limitation did not apply, the evidence on which Mr. Butler relies could have been discovered prior to trial with the exercise of appropriate discovery or due diligence. The fact that he didn't obtain that evidence is not the standard. The standard is whether it could have been discovered with appropriate discovery or due diligence.

T.R. at 298.

Further, the Bankruptcy Court held that the fact that some of the evidence had actually been presented to it previously, prevented that evidence from constituting new evidence:

> There are numerous facts that were brought up by Mr. Butler in connection with the oral argument and in the papers, however, these facts were either actually presented at court or were not presented at court although referred to at different times, even in Mr. Butler's own motion. Therefore, bringing such facts to the Court now and asserting them as a basis to set aside Judge Sellers' order is not proper.

T.R. at 299. As with the statute of limitations issue, the Bankruptcy Court here applied the appropriate legal standard, relies upon undisputed facts, and properly applied the law to the facts. *See* Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").

Second, the Bankruptcy Court heard Butler's arguments about the alleged fraud and core versus non-core proceedings and held that neither had any effect on Butler's motion. Specifically, Butler argued that Ormet's counsel, Adam Harris, indicated that the Claim before it was not related to the case filed by Butler in the federal court in Tennessee and that this statement "was intentionally false." T.R. at 268, 272-275. Butler argued that the cases were related and that because the case in Tennessee could be classified as a none-core proceeding so could the Claim before the Bankruptcy Court:

9

> MR. BUTLER . . . Adam Harris told the Court, again, that the complaint in the District Court and this hearing were not related, that was not true, they are related. They were related then, they are now.
>
> THE COURT: And how does that affect Judge Seller's decision or make it incorrect?
>
> MR. BUTLER: Well, being that these two were related, it made the proceedings a non-core proceeding as opposed to a core proceeding.
>
> THE COURT: No, sir, that is incorrect.
>
> MR. BUTLER: Okay, Judge.
>
> THE COURT: A decision on claims and disputes surrounding claims are core proceedings by definition ---
>
> MR. BUTLER: Exactly, okay.
>
> THE COURT: --- on which this Court can enter a final order.

T.R. at 275. This Court concludes that the Bankruptcy Court applied the proper legal standard and relied upon undisputed facts. *See* Fed. R. Civ. P. 60(b)(3). Further, the court properly applied the law to the facts. *See In re Murdock, Jr.*, 337 B.R. 308, 310 (Bankr. N.D. Ohio 2005) ("[I]t is a fundamental function of bankruptcy law, and a 'core' area of a bankruptcy court's jurisdiction, to make determinations regarding claims against the estate."); 28 U.S.C. § 157(b)(2)(B) (core matters include allowance or disallowance of claims against the estate).

Third, the Bankruptcy Court heard Butler's arguments that Ormet and/or its attorneys should be prohibited from using the automatic stay that was imposed upon Plaintiff's civil action he had brought against Ormet in federal court in Tennessee as a "defense." The Bankruptcy Court concluded that Butler's arguments related to the stay were simply irrelevant to the Rule 60 motion that was before it. *See* T.R. at 278, 283-85. This Court agrees and concludes, again, that the Bankruptcy Court applied the appropriate legal standard, did not rely on clearly erroneous

findings of fact, and properly applied the law to the facts. *See In re Polemar Constr. Ltd. P'ship*, 23 F. App'x at 425.

Accordingly, the denial of the relief requested in the Motion to Allow Creditor's Claim Based on Newly Discovered Evidence and Clerical Mistake was a proper exercise of the Bankruptcy Court's discretion and the Order on Appeal is hereby **AFFIRMED**.

**B. Order on Reconsideration**

In reviewing Butler's Reconsideration Motion, the Bankruptcy Court found that Butler sought the same relief that was already denied by it and thus, denied the motion.

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration, the authority for a district court to hear such motions is found in both the common law and in Fed. R. Civ. P. 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004); *Walker v. Elman (In re Fowler)*, 201 B.R. 771, 778, 1996 Bankr. LEXIS 1293 (Bankr. E.D. Tenn. 1996). A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id.* Traditionally, courts will find justification for reconsideration when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

The Bankruptcy Court found that the Reconsideration Motion failed to provide any new information or argument. Thus, there was no reason for reconsideration of its Order on Appeal.

The Bankruptcy Court clearly did not abuse its discretion in declining to reconsider Butler's arguments that it had already considered. Butler disagrees with the Bankruptcy Court's

conclusions; however, that does not permit reconsideration of its orders. As a result, the denial of the relief requested in the Reconsideration Motion was a proper exercise of the Bankruptcy Court's discretion and the Order on Reconsideration is hereby **AFFIRMED**.

### IV.  Conclusion

For the reasons set forth above, the Court **AFFIRMS** the decisions of the Bankruptcy Court. Specifically, the Court **AFFIRMS** the Order on Appeal (B. Doc. # 2444) and the Order on Reconsideration (B. Doc. # 2463). The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　/s/ Gregory L. Frost
　　　　　　　　　　　　　　　　　　**GREGORY L. FROST**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**